UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **UNITED STATES of AMERICA** ) ) v. ) ) **HERIBERTO PEREZ,** ) ) **Defendant.** ) ) | Criminal No. 05-40015-FDS |

**MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO REDUCE SENTENCE**

**SAYLOR, J.**

Defendant Heriberto Perez pleaded guilty in March 2006 to drug charges and was sentenced to a term of imprisonment. Defendant now seeks a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) in light of the retroactive amendment of the sentencing guidelines concerning crack cocaine. For the reasons stated below, the motion will be denied.

**I.   Background**

On March 8, 2006, defendant pleaded guilty to a three-count indictment charging him with distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1).

On June 21, 2006, this Court conducted a sentencing hearing. The Court determined that he was a career offender within the meaning of § 4B1.1 of the sentencing guidelines, and that the resulting sentence range was 262 to 327 months. The offense level based on drug quantity under the crack cocaine guidelines would have been 29, but the career offender guideline raised it to 34. Based on the fact that the defendant had only two predicate offenses, both of which resulted in very light sentences, the Court imposed a non-guideline sentence of 192 months. That sentence

represented a substantial departure from the guideline range of 70 months, or nearly six years.

Defendant has moved to modify his sentence pursuant to 18 U.S.C. §3582(c)(2), in accordance with the retroactive amended sentencing guidelines for crack cocaine.

**II.     Analysis**

It is highly doubtful whether defendant is eligible for a modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10.  The starting point for defendant's sentence was not the crack cocaine guideline, U.S.S.G. § 2D1.1, which has been amended, but the career offender guideline, U.S.S.G. § 4B1.1.  The career offender guideline was based on the offense statutory maximum, not on the underlying offense.  *See* U.S.S.G. § 4B1.1(b).  Accordingly, defendant's Base Offense Level (34 with acceptance of responsibility), his Criminal History Category (VI) and thus his Guidelines sentencing range (262-327 months) remain the same notwithstanding the reduction in the crack cocaine guideline.  *See United States v. Caraballo*, 552 F.3d 6 (1st Cir. 2008); *United States v. Ayala-Pizarro*, 551 F.3d 84 (1st Cir. 2008).

In any event, to the extent the Court has the legal power to reduce his sentence, it declines to do so.  The sentence was a very substantial reduction from the career offender guideline sentence, and the reasons for the reduction (and the amount of the reduction) were not related to the crack cocaine guideline.  It is true that the Court made a reference at the sentencing hearing to the high penalties for crack cocaine, but the penalty at issue was the *statutory* maximum (which determined the career offender level), not the *guideline* range (which was irrelevant).  The Court also made comments about the "highly addictive and devastating" nature of crack cocaine, and the fact that the Sentencing Commission and law enforcement are "appropriately exasperated" with

"repeat criminal offenders"—but, again, those comments were directed to the career offender guideline, not the crack cocaine guideline. Nothing about the crack cocaine guideline drove the sentence to a higher level, dissuaded the Court from imposing a lesser sentence, or otherwise affected the ultimate decision.

In short, the guideline did not affect the sentence in the first instance, the modification of the guideline likewise would have no effect.  The motion to reduce sentence will therefore be denied.

### III. Conclusion

For the foregoing reasons, defendant's motion to reduce sentence is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  July 20, 2009