UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| _____ | ) | |
| UNITED STATES of AMERICA | ) | |
| | ) | |
| v. | ) | **Criminal No.** |
| | ) | **05-40015-FDS** |
| HERIBERTO PEREZ, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO VACATE UNDER 28 U.S.C. 2255

**SAYLOR, J.**

Defendant Heriberto Perez pleaded guilty in March 2006 to drug charges and was

sentenced to a term of imprisonment. He now moves to vacate the sentence pursuant to 18

U.S.C. § 2255. For the reasons stated below, the motion will be denied.

**I.      Background**

On March 8, 2006, defendant Heriberto Perez pleaded guilty to a three-count indictment

charging him with distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1).

On June 21, 2006, this Court conducted a sentencing hearing. The Court determined that

Perez was a career offender within the meaning of § 4B1.1 of the United States Sentencing

Guidelines, and that the resulting guideline range was 262 to 327 months. The offense level based

on drug quantity would have been 29, but the career offender guideline raised it to 34. Based

principally on the fact that Perez had only two predicate offenses, both of which resulted in very

light sentences, the Court imposed a non-guideline sentence of 192 months. That sentence

represented a substantial departure from the guideline range of 70 months, or nearly six years.

Perez has moved to attack his sentence pursuant to 28 U.S.C. § 2255 or modify it pursuant to 18 U.S.C. § 3582(c)(2), in accordance with the retroactive amended sentencing guidelines for crack cocaine.

## II.    Analysis

Perez makes four arguments in support of his petition:  (1) his guilty plea was involuntary; (2) the indictment "is unconstitutional" because "Aiding and Abetting is not a crime"; (3) his counsel was ineffective; and (4) he is entitled to a reduced sentence under 18 U.S.C. § 3582(c)(2) in light of the retroactive amendment of the sentencing guidelines concerning crack cocaine.[1] Perez's first three arguments are barred by the one-year period of limitation governing motions for collateral relief under § 2255.  *See* 28 U.S.C. § 2255(f).  Perez's fourth argument is likewise without merit.

### A.    Defendant's First Three Claims Are Time-Barred

Congress has established a one-year period of limitation governing motions for relief under § 2255.  28 U.S.C. § 2255(f).  The one-year period runs, in the present case, from the date on which the judgment of conviction became final.  *Id.*  Here, where the conviction was affirmed on direct appeal and no petition for certiorari was filed, the judgment became final on May 3, 2007, ninety days after the entry of judgment of the Court of Appeals on February 2, 2007.  *See Clay v. United States*, 537 U.S. 522 (2003).  Perez filed the petition on October 5, 2009, more than a year after the one-year limitation period had run (on May 3, 2008).

The fact that Perez filed, on June 2, 2008, a motion for a sentence reduction pursuant to

---

[1] A previous motion filed by defendant to reduce his sentence based on the retroactive amendment of the sentencing guidelines concerning crack cocaine was denied by this Court on July 20, 2009.

18 U.S.C. § 3582(c)(2) based on the retroactive amendment of the sentencing guidelines concerning crack cocaine does not change the result.  A sentence reduction pursuant to § 3582(c)(2) does not deprive the underlying judgment of its finality for purposes of collateral attack under § 2255, and thus does not operate to restart the one-year limitations period applicable to such motions.  *See United States v. Ticchiarelli*, 171 F.3d 24, 36 (1st Cir. 1999) (dicta) (a § 3582(c) order simply modifies the existing judgment, and does not result in the entry of an entirely new judgment).  Consequently, a § 3582(c) order does not result in a new judgment for the purposes of § 2255.  *See United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993) *quoting* S.Rep. No. 98-225, 98th Cong., 1st Sess. 121 (1983) (18 U.S.C. § 3582(b) "makes clear that a judgment [of] conviction is final even though it can be appealed or modified"); *United States v. Sanders*, 247 F.3d 139, 143-44 (4th Cir. 2001) (modification of a sentence does not affect finality of original criminal judgment which constitutes final judgment for purposes "including the beginning of § 2255(1)'s limitations period"); *accord United States v. Schwartz*, 274 F.3d 1220, 1224 (9th Cir. 2001).

Because Perez's petition was filed after the one-year limitations period had run, his claims under § 2255 are time-barred.

### B.      Perez's Time-Barred Claims Also Fail on the Merits

Even assuming that Perez's claims under § 2255 were timely filed, they are in any event without merit.

### 1.      The Plea Was Knowing and Voluntary

Perez asserts, without any factual support by affidavit or otherwise, that his guilty plea was involuntary and that he had an "entrapment" defense that his counsel failed to use.

The claim that his plea was involuntary is directly contradicted by the record. The record of the Rule 11 hearing plainly indicates that his change of plea was knowing and voluntary, and that he was fully satisfied with his attorney. Because Perez's claim is unsupported, and, in fact, contradicted, by the record, it must necessarily fail. *See Mabry v. Johnson*, 467 U.S. 504, 508 (1984) ("a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked"); *Unites States v. Broce*, 488 U.S. 563, 569 (1989).

### 2.      The Indictment Was Not Deficient

Perez also asserts, without any support, that the indictment was deficient because "Aiding and Abetting is not a crime." Perez's assertion is contrary to law and must be rejected. *See United States v. Daniel Perez-Melendez and Angel Rivera Rios*, Nos. 08-2225 and 08-2266, slip op. (1st Cir. March 17, 2010) *citing United States v. Gonzalez*, 570 F.3d 16, 28-29 (1st Cir. 2009) (discussion of elements of aiding and abetting liability).

### 3.      Perez Has Made No Showing That His Counsel Was Ineffective

Perez also asserts, without any factual support by affidavit or otherwise, that his counsel was ineffective.

A petitioner claiming ineffective assistance of counsel must show, first, that his counsel's performance was deficient and second, that this deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 688, 687 (1984); *Bucuvalas v. United States*, 98 F.3d 652, 658 (1st Cir. 1996); *Bonneau v. United States*, 961 F.2d 17, 20 (1st Cir. 1992). The petitioner has the burden of proving both prongs of this test, and the burden is a heavy one. *Bucuvalas*, 98 F.3d at 658. An attorney's performance is deficient if it is "so inferior as to be objectively

unreasonable." *Id.* (*quoting United States v. McGill*, 11 F.3d 223, 226 (1st Cir. 1993)).  The petitioner must show that, but for his counsel's deficient performance, the outcome would have been different.  *Strickland*, 466 U.S. at 694; *United States v. Hart*, 933 F.2d 80, 83 (1st Cir 1991); *Carsetti v. Maine*, 932 F.2d 1007, 1012 (1st Cir. 1991).  There is a strong presumption that the counsel's performance comes within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.  The defendant must overcome the presumption that his counsel's performance could "be considered sound trial strategy." *Id.* (*quoting Michael v. Louisiana*, 350 U.S. 91, 101 (1955)).  The court's scrutiny of the attorney's performance must be highly deferential.  *Id.*

More than three years and three months after his sentencing, Perez, for the first time, contends that his counsel was ineffective because, among other things:  (1) he urged Perez to plead guilty without negotiating to get something in return; (2) he failed to "pursue a semblance of a defense"; (3) he failed to interview witnesses, conduct independent research, or use an interpreter; and (4) he "coached" Perez to "answer all questions in the affirmative" and because there was no interpreter present, he did not explain to Perez before his plea "the gravity and comprehension of his constitutional rights and [the] charges against him and how that could impact on his guilty plea."

Perez's assertions are unsupported by affidavit and are contradicted by the record.  He received a 192 month sentence, 70 months less than the minimum 262 month guideline sentence for a Career Offender.  It appears that Perez speaks reasonable English; his counsel, Michael Bourbeau, speaks some Spanish; and Mr. Bourbeau's law partner, Victoria Bonilla-Arguda, who speaks fluent Spanish, was present when he met with Perez.  There is nothing in the record to

indicate Perez had a viable defense.  He pleaded guilty to three counts of distribution of cocaine base based on three sales to an undercover DEA Agent.  (PSR ¶¶ 8, 11, and 35.)  His counsel moved for, and received, funds for a psychologist to examine him before sentencing; filed objections to the PSR; filed two separate sentencing memoranda; and successfully argued for a non-guideline sentence.  His counsel also raised an objection to the PSR, and preserved for appeal, the argument that Perez did not qualify as a career offender.  Perez has failed to establish that his counsel's performance was deficient and that his defense was thereby prejudiced.  *Strickland*, 466 U.S. at 687; *Bucavalas*, 98 F.3d at 658.  The claim must therefore be rejected.

**C.      Perez Is Not Entitled to a Reduced Sentence Pursuant to 18 U.S.C. §3582(c)(2)**

Perez's final argument appears to be that he is entitled to a sentence reduction under 18 U.S.C. §3582(c)(2) based on the retroactive amendment of the sentencing guidelines concerning crack cocaine.  Perez filed a similar motion before this Court on June 2, 2008, which was denied on July 20, 2009.  He did not file a direct appeal of this Court's denial of that motion.

Even assuming that he may collaterally attack the denial of his earlier §3582 motion, and that, with respect to this argument, his petition is not time-barred, Perez's claim fails for the same reasons as his previous motion.  Perez was sentenced as a career offender under the career offender guideline, U.S.S.G. §4B1.1, and not the crack cocaine guideline, U.S.S.G. §2D1.1.  Consequently, he is ineligible for a modification of his sentence pursuant to 18 U.S.C. §3582(c)(2).  *See United States v. Caraballo*, 552 F.3d 6 (1st Cir. 2008); *United States v. Ayala-Pizarro*, 551 F.3d 84 (1st Cir. 2008); *accord United States v. Hickey*, 280 F.3d 65 (1st Cir. 2002) (sentencing court has no authority to entertain a sentence reduction motion under §3582(c)(2)

when the guideline amendment in question does not affect the guideline sentencing range actually

used by the sentencing court).

## III.     Conclusion

For the foregoing reasons, defendant's motion to vacate his sentence is DENIED.

**So Ordered**.

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  August 9, 2010