# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
)
**UNITED STATES of AMERICA**                     )
)
    **v.**                                      )    **Criminal No.**
)     **05-40015-FDS**
**HERIBERTO PEREZ,**                             )
)
    **Defendant.**                               )
_____)

## MEMORANDUM AND ORDER ON
## <u>DEFENDANT'S MOTION TO REDUCE SENTENCE</u>

**SAYLOR, J.**

Defendant Heriberto Perez pleaded guilty in March 2006 to drug charges and was sentenced to a term of imprisonment. Defendant now seeks a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) in light of amendments to the United States Sentencing Guidelines concerning crack cocaine offenses. For the reasons stated below, the motion will be denied.

### I.    <u>Background</u>

On March 8, 2006, Perez pleaded guilty to a three-count indictment charging him with distribution of cocaine base, in the form of crack cocaine, in violation of 21 U.S.C. § 841(a)(1).

On June 21, 2006, this Court conducted a sentencing hearing. The Court determined that Perez was a career offender within the meaning of Section 4B1.1 of the sentencing guidelines. The offense level based on drug quantity would have been 29, but the career offender guideline raised it to 34 and mandated a criminal history category of VI. The resulting guideline range was 262 to 327 months. Based on the fact that the defendant had only two predicate offenses, both of which had resulted in very light sentences, the Court imposed a non-guideline sentence of 192

months. That sentence represented a substantial downward departure of 70 months, or nearly six years, from the applicable guideline range.

On June 2, 2008, Perez filed a motion to reduce his sentence pursuant to 18 U.S.C. §3582(c)(2) and Amendment 706 to the sentencing guidelines. Amendment 706, which took effect as a temporary, emergency measure on November 1, 2007, mitigated the disparity between powder and crack cocaine sentencing by reducing the base offense level assigned to each threshold quantity of crack cocaine on the Drug Quantity Table in Section 2D1.1 of the guidelines and by giving the revisions retroactive effect. Perez's motion was denied on July 20, 2009, because his sentence was based on the Section 4B1.1 career offender guideline, not the Section 2D1.1 drug quantity guideline, and thus his sentence was not affected by Amendment 706. On October 5, 2009, Perez filed another motion for a sentence reduction pursuant to Section 3582(c)(2), which was denied on August 9, 2010, for substantially the same reasons as before.[1]

Defendant has once again moved to reduce his sentence, now citing Amendment 750, which took effect on November 1, 2011, and which implements the Fair Sentencing Act of 2010, or "FSA." Amendment 750 re-promulgates without change the revisions of the crack cocaine guidelines adopted on a temporary basis by Amendment 706.

## II.     Analysis

Even assuming that he may collaterally attack the denial of his earlier motions under Section 3582(c)(2), Perez's claim nonetheless fails. Neither Amendment 750 nor the FSA authorizes this Court to reduce a sentence retroactively that was based on the Section 4B1.1

---

[1] Perez also attacked his conviction collaterally, but that motion was time-barred under 28 U.S.C. § 2255(f).

career offender guideline.

Perez was sentenced under the career offender guideline, U.S.S.G. § 4B1.1, and not the crack cocaine guideline contained in the Drug Quantity Table, U.S.S.G. § 2D1.1. He had pleaded guilty to distribution of 50 grams or more of crack cocaine and was therefore subject to a statutory sentence of between ten years and life, pursuant to 21 U.S.C. § 841(b)(1)(A). In accordance with the career offender guideline, the Court calculated the offense level based on the statutory maximum sentence of life imprisonment. *See* U.S.S.G. § 4B1.1(b). The resulting level was 37, which was reduced to 34 for acceptance of responsibility. *See* U.S.S.G. § 3E1.1(a)-(b).

A court may reduce a sentence based on a guideline range after the applicable range "has subsequently been lowered . . . if such a reduction is consistent with applicable policy statements of the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). The guideline manual provides "applicable policy statements" for sentence reduction, including a list of amendments to the guidelines to be given retroactive effect. U.S.S.G. § 1B1.10(c). However, that list of retroactive amendments is exclusive—that is, a court may not adjust sentences that result from guidelines other than those revised by the amendments listed in Section 1B1.10(c). *Id.* § 1B1.10(b) ("the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.").

Although it is included in the list of retroactive guideline revisions under Section 1B1.10(c), Amendment 750 does not support a reduction in Perez's sentence under 18 U.S.C. § 3582(c)(2), because it does not alter that career offender guideline calculation. Like Amendment 706—which it re-promulgates without change and on which Perez based his previous

motions— Amendment 750 concerns the drug quantity table for crack cocaine offenses in Section 2D1.1. U.S.S.G. App. C, Amend. 750 (Nov. 1, 2011). It therefore has no bearing on the sentences of career offenders who were sentenced pursuant to Section 4B1.1. *Id.* (explaining that career offender sentences under Section 3B1.1 "are unaffected by a reduction in the Drug Quantity Table" in Section 2D1.1). Moreover, the Guidelines Manual expresses a policy disfavoring reductions based on guideline amendments when, as here, the defendant has already benefitted from a downward departure from the guideline range in effect at the time of sentencing. U.S.S.G. § 1B1.10(b)(2)(B) ("[I]f the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), a further reduction generally would not be appropriate."). Thus, Amendment 750 does not authorize this Court to reduce Perez's sentence pursuant to 18 U.S.C. § 3582(c)(2) because the amendment is inapplicable to his non-guideline, career offender sentence.

Nor may this Court reduce Perez's sentence retroactively to account for reductions in statutory sentencing ranges for crack cocaine offenses in the FSA itself. The FSA increased the amount of crack cocaine a defendant must possess to trigger either of the two subsections of 21 U.S.C. § 841 that provide for mandatory statutory sentencing ranges. Specifically, it raised the threshold for the statutory sentencing range of 10 years to life under Section 841(b)(1)(A) from 50 grams to 280 grams and for the lower sentencing range of five to forty years under Section 841(b)(1)(B) from 5 grams to 28 grams. Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372, 2372-73. Because Perez was responsible for distributing 50 grams, he was subject to the higher statutory maximum (life) at the time he was sentenced but would be subject to the lower maximum (forty years) today. His base offense level under the Section 3B1.1(b) career offender guideline would accordingly be 34 instead of 37. After adjustment for acceptance of

responsibility, the applicable guideline range would be 188-235 months instead of 262-327.[2] Although Perez received a non-guideline sentence, it is notable that a substantially lower guideline range would form the starting point of the Court's analysis if he were sentenced today.

However, this Court lacks statutory authority to reopen its prior sentencing decision to account for the career offender calculation that might result from the FSA's amended statutory sentence ranges. Although the FSA, by raising the threshold for its statutory minimums, effectively lowered the statutory sentencing range for many crack cocaine offenders, those statutory amendments are not retroactive for defendants sentenced prior to the FSA's enactment on August 3, 2010. *United States v. Douglas*, 644 F.3d 39, 43 (1st Cir. 2011); *United States v. Goncalves*, 642 F.3d 245, 252 (1st Cir. 2011); *see* 1 U.S.C. § 109 ("[t]he repeal of any statute shall not have the effect to . . . extinguish any penalty . . . incurred under such statute, unless the repealing Act shall so expressly provide . . . ."). Given that the statutory ranges themselves are not retroactive, there is no reason to infer that career offender levels calculated based on those ranges would be, at least absent some legislative enactment or guideline amendment indicating so. Furthermore, and as noted, Amendment 750 expressly disclaims any such revision of the career offender guideline.

## III.    <u>Conclusion</u>

For the foregoing reasons, defendant's motion to reduce sentence is DENIED.

**So Ordered.**

                                                  /s/ F. Dennis Saylor
                                                  F. Dennis Saylor IV
Dated: November 7, 2011                           United States District Judge

---

[2] Coincidentally, the Court's non-guideline sentence of 192 months is within the range that would apply today.